Morris Mendelssohn, Youngstown, for defendant in error.

SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

**MELLINGER et v LA MOREAUX**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Dec 21, 1934

640

**OPINION**

By MONTGOMERY, J.

It seems to us that this question has been determined by the Supreme Court of Ohio in a manner which makes the duty of this court certain and inevitable.

The second branch of the syllabus in the case of **City of Norwalk v Tuttle, 73 Oh St, 242,** is as follows:

"One who voluntarily goes upon a sidewalk of the city which is obviously and by him known to be, in a dangerous condition, can not recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown."

The first branch of the syllabus in the case of **Highway Construction Company v Sorna, 122 Oh St, 258,** is as follows:

"One using a sidewalk, crosswalk, street or highway, which ordinary and reasonable care would inform him was dangerous, takes the risk of such injuries as may result to him by open and apparent defects such as his observation ought to have detected and avoided."

With the evidence of contributory negligence what it was in this case, and with the law covering such a situation clearly determined by our Supreme Court, the duty of the trial court in the instant case was plain. As stated by the Supreme Court in the case of **Michalec, Admr. v Hutchison, 123 Oh St, 494,** in the first branch of the syllabus:

"Where it appears that, at the close of the plaintiff's testimony, or at the close of the entire evidence, there is no reasonable presumption other than that plaintiff's negligence proximately contributed to his injury, it becomes the duty of the court to sustain motions in defendant's favor for a directed verdict, unless the defendant's conduct amounts to wantonness and wilfulness."

There is no claim, of course, of wantonness or wilfulness on the part of either the County Commissioners or the City of Youngstown in the instant case.

It seems evident to us, therefore, that the trial court committed error in refusing to sustain motion for a directed verdict, and for that reason the judgment of the lower court will be reversed and final judgment rendered for plaintiffs in error. Exceptions may be noted.

SHERICK, J, concurs.